IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA ELLIS, | ) | ELECTRONICALLY FILED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-01549-NBF |
| | ) | |
| BNY MELLON CORP., | ) | Judge Nora B. Fischer |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant The Bank of New York Mellon Corporation ("Defendant" or "BNY Mellon") (incorrectly identified in the Complaint as BNY Mellon Corp.), by and through counsel, hereby answers Plaintiff Lisa Ellis' ("Plaintiff") Complaint (the "Complaint) in accordance with the numbered paragraphs thereof.

**NATURE OF ACTION**

Defendant admits only that Plaintiff seeks compensatory and punitive damages from Defendant under Title VII 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. Defendant denies that Plaintiff is entitled to such damages or any other relief and denies all remaining allegations in the "NATURE OF ACTION" Paragraph in the Complaint.

**JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 constitute legal conclusions to which no response is required.

2. Defendant admits only that Plaintiff filed a charge of discrimination with the EEOC on September 24, 2018, that the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on October 16, 2018, and initiated this lawsuit by filing the Complaint on November 16, 2018. Defendant denies any remaining allegations in Paragraph 2.

3. The allegations in Paragraph 3 constitute legal conclusions to which no response is required.

## THE PARTIES

4. Defendant admits that Plaintiff was a former employee of BNY Mellon, N.A. ("BNYM"), a wholly owned subsidiary of Defendant, but lacks sufficient knowledge or information to form a belief with respect to Plaintiff's place of residence as alleged in Paragraph 4 and therefore, Defendant can neither admit nor deny those allegations. Defendant further admits that Plaintiff self-identified as white for purposes of her employment with BNYM.

5. Defendant admits the allegations in Paragraph 5.

## GENERAL ALLEGATIONS

6. Defendant admits that Plaintiff was hired by BNYM on July 27, 2015 and worked as a Control Group Project Manager in Wealth Management, a role she held until June 22, 2017 when her title shifted to a Wealth Management Control Group Specialist II. Defendant further admits that Plaintiff moved to Pittsburgh after accepting this position. Defendant lacks sufficient information or knowledge to form a belief as to the remaining allegations in this Paragraph.

7. Defendant admits that Plaintiff's performance prior to her termination was generally positive and that her work was well-regarded by certain of her supervisors. Defendant lacks sufficient information or knowledge to form a belief as to the statement that she was well regarded by her coworkers. Defendant denies any remaining allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant admits that there were public protests after the unfortunate death of Antwon Rose. Defendant lacks sufficient information or knowledge to form a belief as to the tactics or behavior exhibited by individuals in those protests.

10.     Defendant lacks sufficient information or knowledge to form a belief as to actions taken by other employers in Pittsburgh due to the protests referenced in Paragraph 10.  Defendant denies all remaining allegations in Paragraph 10.

11.     Defendant admits only that there was a news article posted on Facebook on June 20, 2018 regarding a Pittsburgh-area councilman driving through a crowd of protesters.  Defendant lacks sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 11.

12.     Defendant admits only that Plaintiff commented on a Facebook article regarding a Pittsburgh-area councilman who drove his car through a crowd of protesters "Total BS.  Too bad he didn't have a bus to plow thru."  Defendant denies the remaining allegations in Paragraph 12.

13.     Defendant lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 13, which describes the state of mind of protestors following the death of Antwon Rose.

14.     Defendant lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 14, except to admit only that Nicole Manns is a vice president in Human Resources for BNYM.

15.     Defendant lacks information or knowledge to form a belief as to the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant admits only that among many other provisions regarding appropriate conduct, its Code of Conduct prohibits racial and sexual harassment in the workplace.  Defendant lacks sufficient information or knowledge to form a belief as to the allegation that Plaintiff did not send her post to coworkers through any medium.  The allegation in Paragraph 18 regarding a

hostile work environment constitutes a legal conclusion to which no response is required. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19, except to admit only that Plaintiff had received favorable performance reviews at times during her tenure at BNYM.

20. Defendant denies the allegations in Paragraph 20, except to state that it lacks sufficient information or knowledge to form a belief as to what Ms. Manns posted on Facebook around the time Plaintiff's employment was terminated.

## FIRST CLAIM FOR RELIEF

### (Race Discrimination under Title VII, 42 U.S.C. § 2000e et seq.)

21. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22. The allegation in Paragraph 22 constitutes a legal conclusion to which no response is required.

23. Defendant denies the allegations in Paragraph 23.

24. The allegations in Paragraph 24 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it violated Title VII or any other law when terminating Plaintiff's employment and further denies that Plaintiff has suffered any damages as a result of Defendant's actions.

25. Defendant denies the allegations in Paragraph 25.

## SECOND CLAIM FOR RELIEF

### (Race Discrimination under 42 U.S.C. § 2000 1981)

26. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

27. The allegation in Paragraph 27 constitutes a legal conclusion to which no response is required.

28. The allegation in Paragraph 28 constitutes a legal conclusion to which no response is required.

29. Defendant denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 include legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it violated § 1981 or any other law when terminating Plaintiff's employment and further denies that Plaintiff has suffered any damages as a result of Defendant's actions.

31. Defendant denies the allegations in Paragraph 31.

### REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief set forth in the WHEREFORE paragraph in the Complaint.

### GENERAL DENIAL

Defendant denies all allegations not specifically admitted in this Answer.

### AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

2. Each and every action taken by Defendant with regard to Plaintiff's employment was based upon legitimate and non-discriminatory reasons.

3. Plaintiff failed to name or join a necessary or indispensable party or parties to the present action, including but not limited to her actual employer.

4. The Bank of New York Mellon Corporation was not Plaintiff's employer.

5. If Plaintiff is able to prove any discrimination occurred (which Defendant denies), Defendant would have made the same decision without consideration of Plaintiff's protected characteristic(s) and/or Defendant reserves the right to assert a mixed motive defense.

6. Defendant consistently maintained, implemented, and enforced policies in the workplace against discrimination, harassment and retaliation, and otherwise exercised reasonable care to prevent and correct promptly any claims of alleged discrimination, harassment or retaliation. Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities or to avoid harm otherwise.

7. If any improper, illegal, discriminatory, harassing or retaliatory acts were taken by any of Defendant's employees against Plaintiff (which Defendant denies), it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant.

8. Damages, if any, sustained by Plaintiff were solely and proximately caused by Plaintiff's own negligent, reckless, harmful or intentional conduct.

9. Any emotional distress or mental anguish suffered by Plaintiff was not caused by Defendant or by any of its agents.

10. To the extent that Plaintiff has received any income from other employment or any other sources, such monies must be offset against any damages allegedly due to Plaintiff from Defendant.

11. Plaintiff has not incurred any actual damages or injury.

12. Plaintiff's claims for damages may be barred, in whole or in part, to the extent she failed to mitigate or minimize her damages, the existence of which are denied.

13. Plaintiff's claim for punitive damages is barred, in whole or in part, because Defendant's actions were not undertaken with willfulness, malice, or reckless indifference to Plaintiff's legally protected rights.

14. Plaintiff's claims are frivolous, unreasonable and groundless, and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

15. Plaintiff did not engage in any protected activity during her employment.

16. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, and/or unclean hands.

17. Plaintiff's claims and/or damages may be limited by the after-acquired evidence doctrine.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer and Affirmative and Other Defenses to the Complaint, and to raise additional defenses as may be discovered during the course of this litigation and its continuing factual investigation.

WHEREFORE, Defendant The Bank of New York Corporation respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that Defendant be awarded its costs of defense, including reasonable attorneys' fees.

Dated: January 9, 2019                     MORGAN, LEWIS & BOCKIUS LLP

*s/ Christopher K. Ramsey*
Christopher K. Ramsey (PA ID #63293)
32nd Floor, One Oxford Centre
Pittsburgh, PA 15219
Tel: (412) 560-3300
Fax: (412) 560-7001
christopher.ramsey@morganlewis.com

Daniel A. Kadish (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
daniel.kadish@morganlewis.com

*ATTORNEYS FOR DEFENDANT*